UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 12 CR 559 |
| Plaintiff, | ) | Honorable Judge Darrah |
| | ) | |
| v. | ) | |
| | ) | |
| FREDERICK MAGSINO, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT FRED MAGSINO'S MOTION FOR DISCLOSURE OF INFORMATION REGARDING CONFIDENTIAL INFORMANTS

Defendant FRED MAGSINO ("Magsino"), by his attorney Eugene Steingold, respectfully moves this Honorable Court for an order requiring the government to disclose the identity of any informants, cooperating witnesses, confidential sources, unindicted or unnamed co-conspirators, used by the government in the investigation of this case.

In particular, defendant requests the names, aliases, addresses, contact numbers and address and/or attorney's names and telephone numbers, for confidential sources, who, according to the Criminal Complaint and other discovery materials disclosed by the government, were involved in investigation of this case.

### BACKGROUND

Magsino, along with others, is charged in a multi-count indictment with participating in a conspiracy to make payments for referrals of patients to Rosner Home Healthcare, Inc. in violation of the Anti-Kickback statute.

1.  The indictment in this case alleges a conspiracy beginning on or about January 2008, and continuing through July of 2012. On July 24, 2012, Criminal

Complaint, 12 CR 559, was filed against defendants Tolentino and Magsino. With respect to confidential informants, CS1 and CS3, it contained the following:

> 8.  On or about March 14, 2012, a Rosner employee became a cooperating source, hereinafter known as "CS3." Based on interviews with CS3 and a review of consensual recordings made by CS3 at the direction of law enforcement, from approximately 2009 to July 2012, MAGSINO and TOLENTINO each provided CS3 with the kickbacks in the form of cash and, in payment to one individual, checks, to deliver to the individuals who had referred Medicare patients to Rosner for home health services. CS3 met with the referring individuals to deliver the kickback payments. On behalf of MAGSINO and TOLENTINO, CS3 maintained and updated a log recording the kickback payments to referring individuals. On behalf of Rosner, CS3 has recently paid two Illinois-licensed physicians, hereinafter known as "Individual 1" and "Individual 2" approximately $600 and $500, respectively, per patient referred to Rosner. CS3 has also paid kickbacks for each patient referral to at least four individuals, hereinafter known as "Individual 3," "Individual 4," "Individual 5," and "Individual 6." CS3 on behalf of Rosner paid Individual 3 and Individual 6 each approximately $600 per referral, and Individual 4 and Individual 5 each approximately $500 per referral.
> …
>
> 12.  In interviews with the government beginning on or about March 14, 2012, through approximately June 2012, CS3 provided information regarding Rosner's payment of kickbacks for patient referrals. A substantial portion of information provided by CS3 has been corroborated by further investigation, including but not limited to CS3's consensual recordings, consensual recordings with another cooperating source, hereinafter identified as CS1,[3] and financial records.
>   [CS1 works in the home health care industry and is a former employee of Rosner. CS1 has provided information to law enforcement since at least 1995. Between 1995 and 2002, CS1 was paid approximately $8,000 by the government in exchange for CS1's information and assistance. CS1 was closed as a source in November 2010 because of concerns that s/he had failed to disclose to the government that s/he had been involved in paying kickbacks to home health patients in connection with Rosner prior to the initiation of the investigation. CS1 was reopened as a source a few months later, after further debriefings, which suggested that the issue had been due to a misunderstanding. CS1 has no criminal history.]

2.  In Affidavits for Search Warrants there are references to CS2, a cooperating source, who contacted the FBI on December 9, 2011, indicating that he/she had a friend who was a quality assurance nurse at Rosner Home Health. This friend, who did not want his/her identity provided to law enforcement, observed various improprieties

at Rosner Home Health.

3. Through discovery, the government provided an immunity letter and a Grand Jury statement dated September 20, 2012 of CS4. In that statement CS4 alleges that she(?) drove to various locations with defendants delivering cash and gift cards prior to CS4's resignation from Rosner in September of 2009.

## DISCUSSION

4. The government is required to provide the identities and addresses of individuals who act as informants in the investigation of the case where "fundamental requirements of fairness" indicate that disclosure would be "relevant and helpful to the defense of an accused, or ... essential to a fair determination of a cause." Roviaro v. United States, 353 U.S. 53, 60-61 (1957).

In United States v. McDowell, No.10-2543 (7th Cir. 2012), appellate court noted, citing United States v. Harris, 531 F.3d 507 (7th Cir. 2008), that while the government has limited privilege to withhold the identity of a confidential informant, "[T]his privilege gives way if the defendant establishes that the disclosure of the informant's identity is relevant and helpful to his defense or is essential to a fair determination of a cause."

The court also noted in Harris, at p.515

> "the role of the confidential informant is an important factor to consider when determining whether that informant's identity need be disclosed." ... In this context our cases describe two types of informants: a "mere `tipster'—someone whose only role was to provide the police with the relevant information that served as the foundation for obtaining a search warrant" and a "`transactional witness' who participated in the crime charged against the defendant or witnessed

3

the event in question." … For informants falling in the first category, the rationale for the privilege is stronger and the case for overriding it is generally weak. However, for informants who performed a transactional role in an investigation, the case for overriding the privilege and requiring disclosure may be stronger.

5. Here, informants are active, integral participants, or witnesses to the matters alleged in the indictment. It is critical that their identity, including names, addresses, and other identifying data, be disclosed to the defendant so that their background, status, and extent of their use as informants by the government can be investigated by counsel for the defendant in order to prepare to effectively cross-examine and impeach these persons at trial. Even if the government does not intend to call the informants at trial, disclosure of informants' identities is necessary to determine whether or not said informants should be called as a defense witnesses.

6. In the interest of justice, the defendant requests information about any additional informants who were utilized in the government's investigation of this case, and whether those persons witnessed or participated in any of the matters alleged in the indictment. If so, the additional informants' identities should be disclosed to the defense.

WHEREFORE, defendant FRED MAGSINO, requests that this Court enter an Order directing the government to disclose the identity of any and all confidential informants used by the government in connection with the investigation of this case as well as all pertinent information.

                                                                          Respectfully submitted,

                                                                          By:s/_Eugene Steingold
                                                                          Eugene Steingold
                                                                          Attorney for Defendant

CERTIFICATE OF SERVICE

The undersigned Attorney hereby certifies that in accordance with Fed. R. Grim. P. 49, Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

<u>DEFENDANT FRED MAGSINO'S MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANT INFORMATION</u>

were served pursuant to the District Court's ECF system as to ECF filers, if any, and were sent by first-class mail on January 30, 2013, to the following non ECF filers:

By: _s/_ Eugene Steingold
Eugene Steingold
Attorney for Defendant
111 West Washington Street
Suite 1051
Chicago IL 60602
(312) 726-1060