UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 12 CR 559 |
| Plaintiff, | ) | Honorable Judge Darrah |
| | ) | |
| v. | ) | |
| | ) | |
| FREDERICK MAGSINO, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR PRESERVATION OF ROUGH NOTES, MEMORANDA AND/OR REPORTS

Defendant FREDERICK MAGSINO, by his attorney, Eugene Steingold, and requests this Court enter an order compelling law enforcement agents, including federal, state, and local, and all government witnesses, to retain and preserve all their rough notes and/or memoranda and reports. In support of this Motion, Defendant states the following:

1. Under certain circumstances, agents' notes are potentially discoverable. See United States v. Lim, 99 CR 689 WL 782964 at *4 (N.D.Ill. June 5, 2000) ("Any notes prepared by an agent may ultimately be producible under the Jencks Act and [Federal Rule of Criminal Procedure] 26.2 as the agent's prior statement in the event the agent testifies . . . ."); United States v. Johnson, 521 F.2d 1318, 1329 (9th Cir. 1975). In United States v. Bell, 457 F.2d 1231, (5th Cir. 1972) the Fifth Circuit noted at p.1235:

> It is well established that "individual 'notes and reports' of agents of the government, made in the course of a criminal investigation, are the proper subject of inquiry and subject of production under the Jencks Act"...It is not the function of the trial judge to speculate as to the usefulness of the reports to the defendant, rather his primary inquiry is directed to the producibility of the reports...

2. Beyond the requirements of Rule 16 and the Jencks Act, due process also requires the preservation of these notes. United States v. Colon, 97 CR 659, 1998 WL 214714, at *5 (N.D.Ill.

1

April 21, 1998)(agent notes and any report of which they are a part are discoverable if they fall within the scope of the Jencks Act and "the notes were a substantially verbatim transcript of the [witness'] remarks, or were his own written statement adopted and approved by him": United States v. Wables, 731 F.2d 440 (7th Cir. 1984). See also United States v. Ollison, No. 93 CR 365, 1995 WL 12300, at *5 (N.D.Ill. Jan. 10, 1995); Destruction is violative of due process; United States v. Bryant, 448 F.2d 1182 (D.C. Cir. 1971).

3. In United States v. Agurs, 427 U.S. 106 (1967), the Supreme Court expanded the holding of Brady v. Maryland, 373 U.S. 83 (1963), enlarging the prosecutor's duty to preserve and provide exculpatory evidence. Accordingly, notes of government agents relative to interviews with individuals who may have provided exculpatory information and/or other relevant evidence are material evidence which the government must preserve and maintain. See United States v. Pollack, 417 F.S. 1332 (D.C.Mass. 1976), United States v. Johnson, 521 F.2d 1318 (9th Cir. 1975), United States v. Benlizar, 459 F.S. 614 (D.C. 1978).

4. It makes no difference how carefully the agent has transcribed his notes into a formal report, nor that the agent adheres in good faith to a longstanding practice of destroying notes after the formal report is completed, nor that the agent is subject to cross-examination. It is the Court and not the government which must decide upon the necessity to preserve and produce original notes. United States v. Layton, 564 F.S. 1392 (U.S.D.C.Cal. 1983); United States v. Wables, 731 F.2d 440, 445 (7th Cir. 1984).

Based on the above, Defendant requests that all law enforcement agents (federal, state and local) and all government witnesses in this case retain and preserve all of their rough notes and/or memoranda and reports, whether handwritten, typed, or electronically recorded, in

2

connection with their investigation, acts, conduct and/or testimony in the above-captioned case and specifically including, but not limited to:

a. Any note, memoranda, or reports of any interview by a government agent (whether federal, state, or local) with any confidential informant, government witness, potential witness or other individual;

b. Any surveillance notes, memoranda, or reports made by any government agent (whether federal, state, or local); and

c. Notes made during the examination of any physical or documentary evidence, or crime scenes, or review of electronic surveillance tapes or recordings.

WHEREFORE, Defendant prays that his motion be granted.

Respectfully submitted,

By: _s/_ Eugene Steingold
Eugene Steingold
Attorney for Defendant

CERTIFICATE OF SERVICE

The undersigned Attorney hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

DEFENDANT FREDERICK MAGSINO'S MOTION FOR PRESERVATION OF ROUGH NOTES, MEMORANDA AND/OR REPORTS

were served pursuant to the District Court's ECF system as to ECF filers, if any, and were sent by first-class mail on January 30, 2013, to the following non ECF filers:
none

Eugene Steingold
Attorney for Defendant
111 West Washington Street
Suite 1051
Chicago IL 60602
(312) 726-1060